UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DUNG TRUNG DUONG | : | CHAPTER 13 |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | |
| | : | |
| DUNG TRUNG DUONG | : | |
| Respondent | : | CASE NO. 1-24-bk-02660 |

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 22nd day of November 2024, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. § 1322(a)(2) in that the Debtor(s) has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. § 507.

2. Debtor(s)' Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, the Debtor has excess non-exempt equity in the following:

    a. Residential real estate. The Trustee has requested proof of the value of the Debtor(s) home as stated in his/her schedules.

3. Trustee further objects to Debtor(s)' Plan subject to Debtor(s) providing to the Trustee a Business Debtor Certification and copies of all necessary and related documents which will enable the Trustee to file his Business Examination Report with the Court pursuant to §§1302(c), 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code. More specifically, Trustee requires the submission of the following:

    a. Certification of business Debtor.
    b. Insurance policies for:
        i. Business liability
        ii. Workman's compensation liability.
    c. Employers' quarterly payroll tax returns. If applicable, copies of the bank statements for six months preceding the filing.
    d. Copy of bank statements for six months preceding the filing of the petition.

4. Trustee avers that Debtor(s)' Plan cannot be administered due to the lack of the following:

      a. Twelve (12) month Profit and Loss Statement.

5. The Trustee provides notice to the Court as to the ineffectiveness of Debtor(s) Chapter 13 Plan for the following reasons:

      a. Clarification of vesting of property. Because non-exempt equity exists, the Plan should provide for vesting at closing. Accordingly, the Plan violates § 1325(a)(4) (did not check a box for vesting of property of the estate).
      b. Discharge – did not check a box in this part of the Plan

WHEREFORE, Trustee alleges and avers that Debtor(s) Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

      a. Deny confirmation of Debtor(s) Plan.
      b. Dismiss or convert Debtor(s) case.
      c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/Agatha R. McHale
      Attorney for Trustee

CERTIFICATE OF SERVICE

        AND NOW, this 22nd day of November 2024, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

JOHN M HYAMS ESQUIRE
2023 N 2ND STREET, SUITE 203
HARRISBURG, PA    17102-

        /s/Tammy Life
        Office of Jack N. Zaharopoulos
        Standing Chapter 13 Trustee